```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

MARJORIE A. SKILLMAN,              )
          Plaintiff,               )
                                   )
     v.                            )    CIVIL ACTION
                                   )    NO. 10-11472-MLW
GENERAL STEEL SETTLEMENT FUND,     )
          Defendant.               )
```

MEMORANDUM AND ORDER

November 2, 2010

WOLF, D.J.

I.  INTRODUCTION

On August 9, 2010, plaintiff Marjorie A. Skillman ("Skillman"), filed a self-prepared Complaint against the defendant, General Steel Settlement Fund, as class action administrators for General Steel Corporation. Skillman sought recision of a Settlement and Release Form made in connection with a class action Settlement Agreement. While the Complaint was not coherent, this court presumed that Skillman alleged mistake, duress, fraud, and/or unconscionability of the contract with General Steel Corporation for building materials.

On October 5, 2010, this court issued a Memorandum and Order (Docket No. 4) directing Skillman to demonstrate within 35 days why this action should not be dismissed for lack of either diversity jurisdiction or federal question jurisdiction, or, in the alternative, Skillman was directed to file an Amended Complaint setting forth the basis for subject matter jurisdiction as well as plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure. The Memorandum and Order addressed in detail,

*inter alia*, the failure of Skillman to set forth facts upon which this court could find the amount in controversy exceeded $75,000.00 in order to invoke the diversity jurisdiction of this court, and the failure of Skillman to set forth a *bona fide* federal claim under the Truth in Lending Act or any other federal law.

In response to the Memorandum and Order, on October 15, 2010, Skillman filed a Letter (Docket No. 5).  As with the Complaint, Skillman's pleading is not entirely coherent nor organized.  For reasons unknown, she seeks to distinguish this case from another civil action pending in which she asserts claims against a pawnbroker for melting down her jewelry.  Essentially, however, her Letter simply reiterates the claims contained in her Complaint. She clarifies that this action involves a claim for damages in the amount of $15,971.18 excluding interest, and seeks to repay the Bank of America money loaned to her which she used toward her contract with General Steel Corporation for building materials. Skillman again states that there was a class action settlement with General Steel Corporation, handled by the General Steel Settlement Fund, and she concedes that, in fact, she received distributions of settlement funds.  While not entirely clear, it appears that Skillman claims that these distributions were not enough to compensate her.  She claims that General Steel Corporation misrepresented the facts with respect to the delivered parts of the steel building, and that this false information was considered in generating the settlement agreement.

Skillman expressly contends that her cause of action against General Steel Corporation is "an intentional tort or tort with consideration from the case fact." Letter (Docket No. 5 at 1). More specifically, she states that: "[t]he legal cause of action is whether the Tort or wrong facts in the case were a tort or whether the wrong was an intentional tort regarding delivery of parts of the steel building to Ms. Skillman by the General Steel Corporation also known as doing the business for the General Steel Settlement Fund." Id. at 3.

II. DISCUSSION

Without reiterating the analysis of the court's lack of subject matter jurisdiction contained in the earlier Memorandum and Order, the court finds that Skillman has failed to meet her burden to demonstrate that this court has subject matter jurisdiction over her claims for damages against General Steel Corporation. First, she does not assert a federal cause of action that would give rise to the federal question jurisdiction of this court under 28 U.S.C. § 1331; rather, she asserts a state law cause of action based on tort law. Second, she fails to set forth sufficient facts from which this court could reasonably infer that, even if there was diversity of citizenship between the parties, the amount in controversy exceeds $75,000.00. Indeed, throughout her Letter, Skillman asserts the amount in controversy is far less -- $15,971.18. Even under a broad reading of the pleadings, this court cannot find that it has diversity jurisdiction under 28

U.S.C. § 1332.

In light of this, the court will DISMISS this action in its entirety.

III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that this action is DISMISSED in its entirety for lack of subject matter jurisdiction.

SO ORDERED.

/s/ Mark L. Wolf  
UNITED STATES DISTRICT JUDGE
